IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| MARIAN LOUISE WILLIAMS, | * | Chapter 13 |
| Debtor | * | |
| | * | Case No.: 1-04-bk-04129MDF |
| MARIAN LOUISE WILLIAMS, | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Adv. No.: 1-04-ap-00269A |
| | * | |
| EMC MORTGAGE CORPORATION, | * | |
| Defendant | * | |

## OPINION

Before the Court is an adversary complaint in which Marian Louise Williams ("Debtor") seeks damages from EMC Mortgage Corporation ("EMC") for violations of the automatic stay. EMC has moved to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons discussed below, the motion will be granted in part and denied in part.

### Procedural and Factual History

The adversary complaint contains the following allegations. On July 25, 1997, Debtor borrowed $47,750.00 from EMC and EMC took back a first mortgage against real property located at 1113 Derry Street, Harrisburg, Pennsylvania. The mortgage required Debtor to pay EMC a monthly sum beyond the amortized principal and interest amounts sufficient to fund an escrow account for insurance premiums and real estate taxes. The mortgage also contained provisions for the payment of penalty fees in the event a monthly payment was late, and for recovery of attorneys fees in the event that EMC was compelled to take legal action to collect its debt.

On July 7, 2004, Debtor filed the instant bankruptcy petition after missing several mortgage payments. On August 24, 2004, EMC filed a proof of secured claim in the amount of

$46,601.68. Of this amount, $5,079.78 was described as pre-petition arrears. The proof of claim indicated that the arrears included $3,881.70 for advances that EMC made into Debtor's escrow account prior to her bankruptcy filing so that certain tax and insurance payments could be timely made. A "Breakdown Sheet" included with the proof of claim contained a footnote noting that EMC had incurred post-petition attorneys fees and costs in the amount of $250.00 "for the post-petition preparation and filing of this Proof of Claim; obtaining and reviewing the Chapter 13 Plan; and the preparation, filing and service of a Request for Special Notice to monitor this bankruptcy." The footnote stated that these fees were not included in the $46,601.68. The proof of claim was signed by a "Bankruptcy Specialist" who according to the complaint is not an attorney.

EMC's motion to dismiss states that the Dauphin County Tax Claim Bureau (DCTCB) had scheduled a tax sale of the Derry Street property for September 23, 2004.[1] To prevent a tax sale and protect its interests, EMC paid the DCTCB $5,065.83 on account of post-petition taxes that were to accrue in 2004 and 2005. This post-petition disbursement by EMC was then apparently added to Debtor's escrow balance as an "escrow advance."

According to the adversary complaint, on October 22, 2204, EMC sent a letter to Debtor's Counsel, Dorothy Mott, Esquire ("Mott"), notifying her that EMC had completed an "escrow analysis" and that Debtor's monthly mortgage payment would need to be increased to $1,129.45 in order to repay the advances that EMC had made. The letter did not specify whether this amount included both pre- and post-petition advances, or only post-petition advances. The

---

[1]Such a sale, had it taken place, would have occurred in violation of the automatic stay as the docket does not show a motion for relief from stay having been previously filed by DCTCB.

2

increase was to take effect on November 1, 2004. On November 11, 2004, after Mott forwarded EMC's letter to her, Debtor contacted EMC directly to inquire about the basis for this increase in payments. According to Debtor, EMC stated that the increase in payments was due to EMC paying the taxes for the years 2002 and 2003. On November 11, 2004, Mott wrote to EMC to explain that the $1,129.45 payment erroneously included $37.19 for pre-petition escrow shortages. On November 22, 2004, EMC replied to this letter and attached a document entitled "escrow analysis bankruptcy" indicating that the aggregate balance of EMC's advances into Debtor's escrow account was $8,947.22, $3.881.70 of which would be paid through Debtor's Chapter 13 plan and the remainder of which, $5,065.83, was owed for post-petition advances. On December 2, 2004, EMC sent a letter to Mott stating that Debtor had not yet paid the mortgage payment due on November 1, 2004. On February 4, 2005, EMC sent another letter to Mott stating that the new monthly mortgage payment was to be $1,129.32. Each letter sent by EMC to Mott was signed by a "Bankruptcy Specialist" who, according to the complaint, is not an attorney.

On December 17, 2004, Debtor filed the instant adversary complaint seeking damages from EMC for having violated the automatic stay through the contents of its correspondences. Debtor also sought sanctions, including "actual damages, punitive damages and legal fees" under 11 U.S.C. §105 based on EMC's filing of a proof of claim that made reference to attorneys fees for preparation of a proof of claim that was not in fact prepared by an attorney. On February 21, 2005, Debtor amended the adversary complaint to add certain allegations, but the causes of action remained the same. On April 4, 2005, EMC filed the instant motion to dismiss. Briefs

have been filed and the matter is ready for decision.[2]

## Discussion

In deciding a motion to dismiss, the Court must treat the facts alleged in the complaint as true, construe the complaint in the light most favorable to the non-moving party, draw all reasonable inferences that can be drawn therefrom in favor of the non-moving party, and ask whether, under any reasonable reading of the complaint, the non-moving party may be entitled to relief. *Kehr Packages, Inc.v. Fidelcor, Inc.,* 926 F.2d 1406, 1410 (3d. Cir.), *cert. denied*, 111 S.Ct. 2839 (1991). The Court need not determine whether or not the non-moving party ultimately will prevail, but only whether the plaintiff would be entitled to relief under any set of facts that could be proven consistent with the allegations set forth in the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)(citing 5A Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1357, at 299(2d ed. 1990)). Further, courts also may consider "an undisputedly authentic document" that a defendant attaches to a motion to dismiss if the plaintiff's claim is based on the document. *Id.*[3]

From the facts described in her complaint, Debtor constructs two scenarios giving rise to

---

[2] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. § 157(b)(2)(A), and (O). This Opinion constitutes the findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052.

[3] Under Federal Rule of Civil Procedure 12(b)(6), a court may not consider declarations attached to the motion to dismiss.

4

three causes of action in the instant adversary case. In the first scenario, Debtor alleges that, through the artifice of increasing her post-petition mortgage payments to include amounts that should be paid over time through the Chapter 13 plan, EMC is violating the automatic stay by attempting to collect a pre-petition debt outside of Debtor's plan. In the second scenario, Debtor alleges that EMC is liable for damages and for reimbursement of her attorneys fees because the functions for which EMC seeks attorneys fees were not performed by attorneys. Based on this same scenario, Debtor also avers that EMC violated the automatic stay by referring in its proof of claim to attorneys fees of $250.00 for certain work necessitated by Debtor's bankruptcy. This latter cause of action can be quickly disposed of. "[F]iling a proof of claim that seeks fees from a debtor cannot violate the debtor's stay." *In re Powe*, 281 B.R. 336, 348 (Bankr. S.D. Ala. 2001) (citing, *In re Sheffield*, 281 B.R. 24 (Bankr. S.D. Ala. 2000), *In re Noletto*, 281 B.R. 36 (Bankr. S.D. Ala. 2000)). *See also In re North Coast Village, Ltd.,* 135 B.R. 641, 643 (9th Cir. BAP 1992) (construing stay to apply to all bankruptcy proceedings would lead to "absurd results" such as needing relief from the stay to file proof of claim); *In re Lawson,* 2000 WL 33943198, *5 (Bankr.S.D.Ga.) (a proof of claim, or amounts claimed in a proof of claim, cannot violate the automatic stay). Thus, the Court will grant EMC's motion to dismiss the instant adversary complaint insofar as it seeks damages for violation of the stay for the filing of a proof of claim.

The remainder of the motion to dismiss must be denied. The allegations that EMC violated the automatic stay by seeking to collect a pre-petition debt through increased "regular" payments outside the plan are novel allegations, but they are viable ones given the breadth of the language of 11 U.S.C. §362(a)(6) which prohibits "*any act* to collect, assess, or recover a claim

against the debtor that arose before the commencement of the case. . . ." (Italics added.) In the context of these allegations, there are factual issues that cannot be answered based on the matters which currently are of record. For instance, Debtor alleges that the basis for the increase in payments is her failure to pay a pre-petition tax claim and EMC's subsequent payment of such claim. EMC alleges that the increase resulted from her failure to pay a *post*-petition tax claim, in which case there would be no violation of the automatic stay. A hearing will be necessary to determine whether the underlying basis for the increased payments is a pre- or post-petition obligation.[4] Similarly, Debtor alleges that EMC is liable to her for damages because in preparing EMC's proof of claim, non-attorneys did work for which EMC threatened to charge attorneys fees. Again, this cause of action is a novel one, but EMC's brief on its motion to dismiss did not discuss whether the substance of this allegation fails to state a claim upon which relief can be granted. Consequently, EMC has not shown that it is entitled to judgment as a matter of law on this issue.

An appropriate order will be entered.

BY THE COURT,

Mary D. France
Bankruptcy Judge

Date: August 30, 2005

*This electronic opinion is signed and filed on the same date.*

---

[4] An additional legal issue will be whether a mortgagee's post-petition payment of a pre-petition obligation of the debtor effectively results in a post-petition obligation to the mortgagee, and thus an obligation that may be collected outside the bankruptcy plan without violating the automatic stay.